IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BECKY CRANFORD and JOHN PARKER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 07-cv-0517-MJR |
| ) | |
| U.S. DEPARTMENT OF THE ARMY ) | |
| and EAST FORK TOWNSHIP, ) | |
| ) | |
| Defendants. ) | |

<u>ORDER</u>

REAGAN, District Judge:

In July 2007, the U.S. Department of the Army Corps of Engineers ("Government") removed the above-captioned case to this Court. Apparently, the operative state court pleading was not a complaint but was a motion for injunctive relief. In that motion, two Illinois property owners – Becky Cranford and John Parker ("Plaintiffs") – sought to enjoin construction on land in Clinton County near Carlyle Reservoir. Plaintiffs alleged that the Government was constructing a paved road across Plaintiffs' property, thereby trespassing, despite having "multiple alternate means of ingress and egress" which would not necessitate a taking of their private property.

On threshold review, the undersigned Judge questioned whether the state court pleading/motion sought a temporary restraining order ("TRO"), preliminary injunction or permanent injunction. The undersigned Judge also raised questions about whether this Court was the proper forum to award some of the relief sought by Plaintiffs, which included "further hearings on the desire of the public as it pertains to Plaintiffs' land ... and access to Brewster Creek."

At an in-Court status conference on July 20, 2007, the undersigned Judge queried Government counsel about the basis for subject matter jurisdiction (28 U.S.C. § 1331, based on the

defense of sovereign immunity) and clarified that Plaintiffs were neither seeking a TRO nor seeking a preliminary injunction on an emergency basis. The Court directed Plaintiffs' counsel to file an amended motion for injunctive relief by July 27, 2007, citing *federal* rules of civil procedure therein. Plaintiffs obtained an extension of that deadline through August 13, 2007 (*see* Doc. 10).

The August 13th deadline passed without Plaintiffs filing the amended motion for injunctive relief *or* seeking extra time in which to do so. On August 20, 2007, the Court directed Plaintiffs – by 5:00 pm on August 30, 2007 – to either (a) file a memorandum showing cause why the case ought not be dismissed under Federal Rule of Civil Procedure 41(b) or (b) file a motion to voluntarily dismiss the case under Rule 41(a).

Plaintiffs took neither path outlined in the Court's August 20th Order. Instead, on August 30th, they attempted to file an amended motion for preliminary injunction (*see* Doc. 13). The Court struck that motion as untimely-filed (it had been due by August 13th). Shortly thereafter, the Government moved to dismiss the case based on Plaintiffs' failure to promptly prosecute the action and failure to comply with Court Orders (*see* Doc. 15). Plaintiffs timely responded to that motion on September 27, 2007 (Doc. 17).

In the response, Plaintiffs' counsel explains that he did not electronically receive copies of four key documents, and it was only upon arriving *in person* at the Clerk's Office (around September 25th or 26th) that he was given *printed* copies of those documents (Docs. 12, 14, 15 and 16), thereby becoming aware of them. Plaintiffs' counsel attests that he checked his "spam software, email, and email server" to no avail and found no technical difficulties with his firm's "hosting provider." He did add an "additional alternate email address on September 26, 2007 to insure [sic] any future documents regarding the above-captioned case are ... received" (Doc. 17, p. 2).

A check of the Court's electronic filing system (which includes details as to delivery of each document herein) leaves the undersigned Judge puzzled at counsel's statements regarding not electronically receiving Docs. 12, 14, 15 and 16. As to each of those documents, the cm/ecf system shows notice being electronically mailed to Plaintiffs' counsel (Justin Whitton) at "jwhitton@whittongroup.com" (12:24 pm CDT on 8/20/07 as to Doc. 12; 2:50 pm CDT on 8/31/07 as to Doc. 14; 2:27 pm CDT on 9/17/07 as to Doc. 15; 12:19 pm CDT on 9/18/07 as to Doc. 16).

A related fact bears note. The Court notified Mr. Whitton via letter (sent regular mail) on July 18, 2007 that he needed to be admitted generally or pro hac vice "to ensure that you receive copies of orders ... and other important documents" in this case (Doc. 4). That same day, the undersigned Judge's law clerk telephoned Whitton's office to deliver the same message and faxed him a copy of an Order setting the July 20, 2007 status conference. Whitton attended the July 20th conference, where he was reminded of the need to sign up for electronic notification in the case. Ten days later the Court directed Whitton to "take steps immediately to register for the cm/ecf system" (Doc. 10). The Court noted: "Whitton is DIRECTED to do whatever is necessary to obtain the login and password to participate in the electronic filing system by August 3, 2007 or file a Memorandum showing cause why the case ought not be dismissed based on his apparent refusal" to do so, since the "Clerk's Office will not continue to scan and e-file pleadings for Plaintiffs' counsel" (Doc. 10).

Whitton delayed registering to participate in the Court's cm/ecf system and delayed pro hac vice admission herein. And the Court is dubious that Whitton never received Docs. 12, 14, 15 and 16 electronically. However, the Court finds good cause to accord Whitton the benefit of the doubt (i.e., one last chance) and permit this case to proceed.

Accordingly, the Court **DENIES** the Government's motion to dismiss for want of prosecution (Doc. 15) and **DIRECTS** Plaintiffs' counsel to file the Amended Motion for Injunctive Relief on or before **October 31, 2007**. The Government will have until **November 16, 2007** to file a response. After reviewing the motion and response, the undersigned Judge will determine whether to hold a hearing. Counsel are asked to tentatively save the following date, in case a hearing is warranted/set: 2:30 pm on Monday, December 3, 2007.

In their briefs supporting and opposing injunctive relief, counsel also should address whether discovery is needed herein (thus necessitating a Scheduling and Discovery Order entered by the Magistrate Judge assigned to this case) and whether a settlement conference might be fruitful. Finally the Court **NOTIFIES** attorney Whitton that further eleventh-hour filings or lack of compliance with Court directives will not be tolerated and may result in dismissal of this matter.

IT IS SO ORDERED.

DATED this 17th day of October 2007.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge